JUDGE HOLWELL         07 CV 6250

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LUCIANO MANGANELLA,                     :
                                         :   No. _____
                          Petitioner,    :
                                         :
        -against-                        :
                                         :
LERNER NEW YORK, INC.,                   :
                                         :
                          Respondent.    :
                                         :
-----------------------------------------------------------x

## MEMORANDUM OF LAW OF LUCIANO MANGANELLA
## IN SUPPORT OF MOTION FOR CONFIRMATION OF ARBITRATION AWARD

Petitioner Luciano Manganella ("Manganella"), by and through his counsel, Kirkpatrick & Lockhart Preston Gates Ellis LLP, moves this Court pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. §9, for an order confirming the arbitration award rendered by a commercial arbitration tribunal of the American Arbitration Association ("AAA") on June 13, 2007 (the "Arbitration Award") against Respondent Lerner New York, Inc., ("Lerner"), and for the entry of the Arbitration Award as a judgment of this Court. As required by 9 U.S.C. §13, attached to the Affirmation of David S. Versfelt, Esq., dated July 5, 2007, filed herewith ("Versfelt Affirmation"), are true and correct copies of the Arbitration Award and the parties' arbitration agreement; all papers dealing with the selection or appointment of additional arbitrators or extensions of time; and each notice, affidavit or other paper upon which the application to confirm the award is based.

BOS-1095163

## INTRODUCTION

Lerner is located in New York. On June 30, 2006, Lerner initiated an arbitration proceeding (the "Arbitration") before the AAA by which Lerner sought to recover escrowed property prior to the scheduled disbursement of that property to Mr. Manganella. That Arbitration proceeding was styled <u>Lerner New York, Inc. v. Luciano Manganella</u>, AAA Case No. 13 116 Y 01508. Mr. Manganella hereby seeks confirmation of an award issued in his favor by the panel of arbitrators duly appointed in accordance with the parties' arbitration agreement.

Consistent with the parties' arbitration agreement (described more fully below), a panel of three arbitrators ("Panel") – all located in New York – was appointed. The Chairman of the Panel was John D. Feerick; Lerner's party-appointed arbitrator was William L.D. Barrett, and Mr. Manganella's party-appointed arbitrator was Thomas J. Kavaler. Attached as Exhibit A to the Versfelt Affirmation filed herewith are the parties' letters and other papers concerning appointment of the Panel of arbitrators.

## THE ARBITRATION

Mr. Manganella, the founder and sole shareholder of Jasmine Company, Inc. ("Jasmine"), sold Jasmine to Lerner on July 19, 2005 (the "Transaction") by executing a Stock Purchase Agreement ("SPA") and other related agreements on that date. <u>See</u> SPA, Exhibit B to Versfelt Affirmation.

The Transaction resulted in the sale of Jasmine to Lerner and Lerner's affiliate, New York & Company (the "Issuer" or "New York & Co.," collectively "the Company") for $22.5 million in cash and 350,000 shares of the common stock of the Issuer, New York & Co., which was worth approximately $8.1 million at the time of closing, plus an additional 200,000 shares of New York & Co. stock upon the attainment of certain business objectives. As additional

consideration for the SPA, both Mr. Manganella and his wife, Stacey entered into Executive Employment Agreements, which provided for their continued employment as President and Executive Vice President of Merchandising, respectively, of Jasmine.

In connection with the Transaction, Lerner requested that Mr. Manganella agree to put a portion of the purchase proceeds into escrow, to be disbursed one year from the closing, *i.e.*, on July 18, 2006. Mr. Manganella agreed to the escrow arrangement and entered into an Escrow Agreement, which placed $7,000,000.00 of the proceeds of his sale of Jasmine to Lerner in escrow. On or about February 28, 2006, the parties entered an Amended and Restated Escrow Agreement (the "Escrow Agreement") to allow for the exchange of stock certificates for a portion of the cash by Manganella. See Amended and Restated Escrow Agreement, Exhibit C to Versfelt Affirmation.

## THE MAJOR EMPLOYMENT BREACH PROVISION

The SPA included a provision entitled "Major Employment Breach," which defined circumstances under which a "Major Employment Breach" could arise. See Exhibit B at section 6.16. Under the terms of the "Major Employment Breach" provision of the SPA, Section 6.16, a breach occurred only upon "the breach by [Mr. Manganella] of his Employment Agreement, provided such breach arises from:

> (I) the voluntary resignation by the Shareholder of employment with the Company; (II) the willful refusal of the Shareholder to comply with any significant, lawful and proper policy, directive or decision of the Company's Board of Directors or the Chief Executive Officer of the Issuer in furtherance of a legitimate business purpose or willful refusal to perform the duties reasonably assigned to the Shareholder by the Company's Board of Directors or the Chief Executive Officer of the Issuer and, in each case, only if not remedied within thirty days after receipt of written notice from the Company; or (III) the Shareholder's commission or conviction of, or a plea of guilty or no contest or similar plea with respect to, a felony, an act of fraud or embezzlement in each case against the Company…

See Exhibit B at Section 6.16(E).

## THE ARBITRATION PROVISION

The parties also agreed that under certain circumstances, and in the event that the parties disagreed as to whether a Major Employment Breach had occurred, Lerner could seek an injunction prohibiting distribution of the escrowed property, and that Lerner could commence an arbitration proceeding before the AAA to resolve the dispute. See Exhibit B at section 6.16. See also Schedule 6.13 to Exhibit B.

The parties agreed that if an arbitration proceeding were commenced, the Arbitration Panel would render a final determination with respect to such a dispute. The SPA provides further that following the arbitration panel's determination, the panel shall order the disbursement of the escrowed property to either Lerner or Mr. Manganella, consistent with the SPA and Escrow Agreement. See Exhibit B at section 6.16 and at Schedule 6.13.

The Arbitration commenced on June 30, 2006 and concerned Lerner's claim that Mr. Manganella had committed a Major Employment Breach. In connection with the Arbitration, Mr. Manganella submitted a dispositive motion to the Panel; the parties conducted discovery; the parties submitted pre-hearing briefs; and an eleven-day hearing was held in November and December of 2006 in New York City during which the Panel heard testimony from fourteen witnesses. Thereafter, the parties submitted post-hearing briefs and the Panel heard six hours of closing arguments.

## THE AWARD

On April 20, 2007, the Panel issued a unanimous decision in Mr. Manganella's favor. See Interim Award, Exhibit D to Versfelt Affirmation. The Panel's Interim Award ordered the disbursement of the escrowed property to Mr. Manganella and invited Mr. Manganella to submit an application for fees and costs pursuant to the parties' arbitration agreement. See Exhibit D and Exhibit B at Schedule 6.13, section (e). The Panel's Interim Award also ordered Lerner to

pay Mr. Manganella the sum of $305,291.25 (plus $1,078.77 per day until Mr. Manganella received the escrowed property) in interest to Mr. Manganella. See Exhibit D.

Upon consideration of Mr. Manganella's Application for Fees and Costs and the parties' related submissions, the AAA issued the Panel's Final Award on June 13, 2007. See Final Award, Exhibit E to Versfelt Affirmation. The Panel's Final Award, which had been signed by each of the Panelists on June 7 or June 9, expressly incorporated the Panel's Interim Award and ordered Lerner to pay Mr. Manganella's Fees and Costs in the amount of $2,000,000.00. See Exhibit E.

                  \*     \*     \*     \*     \*     \*

Pursuant to Schedule 6.13 of the SPA, upon an award made by the Arbitration Panel, judgment may be entered by any court of competent jurisdiction. As the Panel members were all located in New York, the arbitration hearings occurred in New York City, and Lerner New York is located in New York City, this Court is one of competent jurisdiction. Section 9 of the FAA, 9 U.S.C. §9, provides that within one year after an arbitration award is made and so long as the parties' agreement so provides, any party to the arbitration may apply to the court for an order confirming the award. In accordance with Section 9 of the FAA, notice of this motion has been served on counsel for Lerner.

## CONCLUSION

Applicant Manganella respectfully requests that this Court confirm the Arbitration Award and enter it as a judgment of this Court.

Respectfully submitted,

Daniel E. Rosenfeld (DR-4624)
Christine Watts Johnston
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Rosemary Alito
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
One Newark Center
Tenth Floor
Newark, NJ 07102-5492
(973) 848-4000

*David A. Versfelt*
David S. Versfelt (DV-8935)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, NY 10022
(212) 536-3900

*Counsel for Luciano Manganella*

Dated: July 6, 2007